The Western Pennsylvania School for the Deaf *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board.

Western Pennsylvania School for the Deaf Federation of Teachers Organizing Committee (PaFT, AFL-CIO), Appellant.

Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant *v.* The Western Pennsylvania School for the Deaf, Appellee.

The Western Pennsylvania School for the Deaf, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellee.

Argued October 5, 1981, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*Stephen H. Jordan,* for appellant, Western Pennsylvania School for the Deaf Federation of Teachers Organizing Committee.

*Aims C. Coney,* with him *Edward J. Van Allen,* and *Alan C. R. Lewis, Kirkpatrick, Lockhart, John-*

*son & Hutchison,* for appellant, The Western Pennsylvania School for the Deaf.

*Anthony C. Busillo, II,* with him *James L. Crawford,* for appellee.

OPINION BY JUDGE ROGERS, January 6, 1982:

We have consolidated for argument and disposition the appeals of the Western Pennsylvania School for the Deaf (WPSD) and the Western Pennsylvania School for the Deaf, Federation of Teachers Organizing Committee, PaFT, AFL-CIO (Union) from an order of the Court of Common Pleas of Allegheny County affirming an order of the Pennsylvania Labor Relations Board (PLRB) by which the Board assumed jurisdiction of the matter of the certification of a bargaining unit for WPSD but voiding as tainted an election conducted by the PLRB and ordering a new election. WPSD challenges the PLRB's assumption of jurisdiction of the matter of the certification of any union as the bargaining representative of its employees. Both parties contest the court's action of voiding the first election and directing a new one.

Although a number of weighty issues have been briefed and argued, it is our judgment that the dispositive inquiry is that of whether the PLRB's jurisdiction over this case has been preempted by the applicable federal statutory authorities.[1] Since for the reasons hereinafter explained we believe that the most efficatious means of resolving this dispute is by reference to the federal administrative and judicial systems which are primarily charged with the

---

[1] Our disposition of this case makes it unnecessary for us to decide at this juncture whether WPSD is a public employer within the jurisdiction of the PLRB or whether the trial court properly ordered a second certification election.

duty of establishing the boundaries of federal pre-emption, we believe that we should direct that the matter be so referred.

WPSD, one of four non-profit institutions in the Commonwealth created to serve the educational needs of deaf and blind children,[2] is a corporation located in Allegheny County and engaged in the provision of educational services to approximately 430 hearing impaired students who have been referred to WPSD by public school districts in western Pennsylvania. On March 12, 1979 the Union filed with the PLRB a Petition for Representation alleging that it represented thirty per cent or more of the non-supervisory professional employees at WPSD. Thereafter hearings and a pre-election conference were scheduled and conducted by the PLRB and, on December 20, 1979, the PLRB issued an Order and Notice of Election directing that a representation election be held on January 24, 1980, to ascertain the exclusive representative, if any, for the purpose of collective bargaining among the employees of WPSD. The election was held and the Union received a majority of the votes cast. WPSD filed exceptions to the election based on the prior disclosure to the Union by the PLRB of certain "case status information." On March 6, 1980, the PLRB issued a Nisi Order of Certification certifying the Union as the exclusive bargaining representative of the enumerated employees. Exceptions to this Order were dismissed by the PLRB and the Order became final on June 30, 1980. An appeal by WPSD to the Court of Common Pleas of Allegheny County resulted in the decision described above in broad outline and here subject to review.

---

[2] The four institutions are WPSD, the Western Pennsylvania School for Blind Children, the Pennsylvania School for the Deaf, and the Overbrook School for the Blind.

The PLRB concedes, as it must, that it may not act in those cases within the jurisdictional ambit of the National Labor Relations Board (NLRB) unless the NLRB has, with respect to the class of employers at issue, expressly declined to exercise its jurisdiction. *San Diego Building Trades Council v. Garmon,* 359 U.S. 236 (1959); *Guss v. Utah Labor Relations Board,* 353 U.S. 1 (1957); *Association of Interns and Residents v. Einstein Medical Center,* 470 Pa. 562, 369 A.2d 711 (1977); *Pennsylvania Labor Relations Board v. Butz,* 411 Pa. 360, 192 A.2d 707 (1963). We must, therefore, determine first whether WPSD is an employer covered by the National Labor Relations Act (NLRA) and, if it is such an employer, whether the NLRB has expressly declined to exercise its jurisdiction with respect to employers like WPSD.

Section 2(2) of the NLRA, 29 U.S.C. §152(2) provides:

The term 'employer' includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof, or any person subject to the Railway Labor Act, as amended from time to time, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization.

The PLRB first argues that WPSD is a "state or political subdivision thereof" expressly excluded from the jurisdiction of the NLRB by the above quoted provision. The exclusion has not been broadly construed and its scope is a matter of federal law. *National Labor Relations Board v. Natural Gas Utility Dis-*

*trict*, 402 U.S. 600 (1971). Under the controlling federal precedents

> an entity [is] a political subdivision of a state within the meaning of §2(2) only if it is (1) 'created directly by the State, so as to constitute a department or administrative arm of the government,' or (2) 'administered by individuals who are responsible to public officials or to the general public.'

*Truman Medical Center, Inc. v. National Labor Relations Board*, 641 F.2d 570, 572 (8th Cir. 1981) quoting *National Labor Relations Board v. Natural Gas Utility District, supra*, 402 U.S. at 604-605. *See also National Labor Relations Board v. Highview, Inc.*, 590 F.2d 174, 176 (5th Cir.), modified on other grounds, 595 F.2d 339 (5th Cir. 1979); *Crilly v. Southeastern Pennsylvania Transportation Authority*, 529 F.2d 1355, 1358 (3d Cir. 1976). Also relevant are the entity's attributes with respect to the power to levy taxes, to issue subpoenas and to take property by power of eminent domain. *National Labor Relations Board v. Austin Developmental Center, Inc.*, 606 F.2d 785, 789 (7th Cir. 1979).

WPSD meets none of these criteria. It is a non-profit corporation chartered in 1871 by the Court of Common Pleas of Allegheny County and is administered by a private, self-perpetuating Board of Directors. WPSD has no power of eminent domain, subpoena or taxation. Similar corporate entities engaged in the business of providing special educational services have been held to be without the political subdivision exclusion. *National Labor Relations Board v. Austin Developmental Center, Inc., supra; Krebs School Foundation*, 243 NLRB No. 79, 101 LRRM 1491 (1979); *Watson Home*, 242 NLRB No. 187, 101 LRRM 1349 (1979).

The PLRB also argues that even if WPSD is within the NLRB's statutory jurisdiction, the NLRB has declined to exercise its jurisdiction over otherwise non-exempt employers like WPSD on the ground that they have too intimate a connection with the basic or traditional functions of and services provided by exempt political subdivisions. *See e.g. Temple University*, 194 NLRB No. 195, 79 LRRM 1196 (1972). In support of this argument the PLRB relies on *Overbrook School for the Blind*, 213 NLRB No. 82, 87 LRRM 1179 (1974) and *Pennsylvania School for the Deaf*, 213 NLRB No. 83, 87 LRRM 1180 (1974) in which the NLRB declined to exercise its discretionary jurisdiction over employers substantially similar to WPSD. Our difficulty with this otherwise forceful argument is that recent opinions of the NLRB have declared an intention to abandon the "intimate connection" test and have cast great doubt on the continuing viability of the *Overbrook School for the Blind* and *Pennsylvania School for the Deaf* decisions. *See National Transportation Service*, 240 NLRB No. 99, 100 LRRM 1263 (1979) (". . . we have further considered the so-called 'intimate connection' test, and have decided that we will no longer utilize that standard for ascertaining whether the Board's assertion of jurisdiction over an employer with close ties to an exempt entity is warranted."). Concerning the effect of *National Transportation Service* on the authorities here relied on by PLRB, the NLRB has recently written:

> The Employer, citing Overbrook School for the Blind, 213 NLRB 511, 87 LRRM 1179 (1974), and Pennsylvania School for the Deaf, 213 NLRB 513, 87 LRRM 1180 (1974) contends that the Board should decline to assert jurisdiction herein. In those cases, the Board re-

fused to assert jurisdiction over private non-profit schools for blind and deaf children essentially on the basis that such schools were adjuncts to the public school system because they provided state-mandated education in satisfaction of the State's statutory obligation and declared purpose to provide educational opportunities to handicapped children. More recently, however, in National Transportation Service, Inc., 240 NLRB No. 99, 100 LRRM 1263 (1979), we indicated that—when ascertaining whether jurisdiction should be asserted over an employer which appears to maintain close ties to an exempt governmental entity—we shall no longer decline jurisdiction solely because of the relationship between the 'purposes' of the exempt entity and the nature of the services provided to it by such an employer. Rather, for the reasons expressed therein, we decided to henceforth resolve such jurisdictional questions by first determining whether that employer has sufficient control over the employment conditions of its employees to enable it to bargain with a labor organization which represents them. Accordingly, to the extent that they are inconsistent herewith, the cases cited by the Employer are no longer controlling.

*Watson Home, supra,* 101 LRRM at 1351.

The recent abandonment of the standard heretofore used by the NLRB to decide whether to exercise its statutory jurisdiction over employers like WPSD introduces an element of indeterminacy into our inquiry concerning the extent to which the federal authorities have preempted action by the PLRB. For this reason we believe this case is one in which it

would have been particularly appropriate for the parties to have availed themselves of the advice of the NLRB on the jurisdictional issue as authorized pursuant to the regulations reported at 29 C.F.R. §102.98 (1975). We note that the appellate courts of other jurisdictions, in cases not before cited in these proceedings involving the application in uncertain circumstances of the requirement that the states must yield to the primary jurisdiction of the NLRB, have directed the referral of the matter to that agency. *See Cox's Food Center, Inc. v. Retail Clerks Union, Local No. 1653,* 91 Idaho 274, 420 P.2d 645 (1966); *Lay Faculty Association v. Roman Catholic Archdiocese,* 122 N.J. Superior Ct. 260, 300 A.2d 173 (1973). We believe this is the course we should follow here; and we shall so order.

ORDER

AND Now, this 6th day of January, 1982, the Order of the Court of Common Pleas of Allegheny County is vacated and the record is remanded with the following instructions:

1. That pursuant to Title 29 (Labor) Code of Federal Regulations, Chap. 1, Subpart H. §102.98 the parties shall, within twenty (20) days after the date of filing of this opinion, petition the National Labor Relations Board for an advisory opinion 'on whether the Board should decline to assert jurisdiction on the basis of its current standards,' over the parties in the present action.

2. That in the event the NLRB renders the advisory opinion that it will assert jurisdiction over these parties that the Court of Common Pleas shall continue its jurisdiction in the action until a final determination by the NLRB,

and review or appellate remedies, if pursued by the parties, or either of them, have been exhausted, and

3. In the event the NLRB renders an advisory opinion to the effect that it declines to assert jurisdiction, that thereupon the order of the Court of Common Pleas of Allegheny County shall be reinstated with leave of the Appellant herein to renew its appeal to this Court.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.